**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
**NANDY GHONDA,**

                                  **Plaintiff,**                                    **MEMORANDUM**
                                                                                    **AND ORDER**
                  **-against-**
                                                                                    **16-CV-2610 (PKC)**
**TIME WARNER CABLE, INC. et al.,**

                                  **Defendants.**
-------------------------------------------------------------x

**ROANNE L. MANN, CHIEF UNITED STATES MAGISTRATE JUDGE:**

        Plaintiff Nandy Ghonda ("plaintiff") brings this employment discrimination action against

Time Warner Cable, Inc. and related entities (collectively, "Time Warner" or "defendants"),

charging sex discrimination, sexual harassment, and retaliatory termination.  On January 23,

2017, upon receiving a notice from defendants, plaintiff moved to quash a subpoena *duces tecum*

that defendants intended to serve upon non-party Comcast Cable Communications LLC

("Comcast"), who had employed plaintiff prior to her tenure at Time Warner.  See Motion to

Quash Third-Party Subpoena (Jan. 23, 2017) ("Motion to Quash"), Electronic Case Filing

Docket Entry ("DE") #28.  Plaintiff also seeks a "temporary injunction," pending the Court's

disposition of the motion to quash, to prevent defendants from serving the intended subpoena or

any other subpoena on plaintiff's former employers.  See Motion for Leave to File Letter Motion

Exceeding Three Pages, and Motion Requesting a Temporary Injunction (Jan. 23, 2017)

("Motion for Temporary Injunction"), DE #25.  Defendants oppose plaintiff's requests.  See

Response to Motion (Jan. 23, 2017) ("1/23/17 Def. Opp."), DE #26; Response in Opposition

(Jan. 26, 2017) ("1/26/17 Def. Response"), DE #30.

        For the reasons discussed below, plaintiff's motions for a temporary injunction and to

quash the subject subpoena are denied.[1]

**BACKGROUND**

Plaintiff commenced this employment discrimination action on May 23, 2016. In addition to charging Time Warner with gender discrimination, hostile work environment and retaliation, the complaint articulates a theory that several of plaintiff's co-workers at Time Warner had motives to harass her and impugn her integrity because of events that transpired while plaintiff was employed by Comcast. See Complaint (May 23, 2016) ("Compl.") ¶¶ 14-16, DE #1. Specifically, plaintiff's pleading asserts that she had been subjected to, and complained about, a hostile work environment at Comcast, and that Yasser Ferman, a co-worker at Time Warner and former co-worker at Comcast, had contributed to that hostile work environment. See id. ¶ 14. According to the complaint, plaintiff's allegations of hostile work environment at Comcast had led to the termination of Mr. Ferman's subordinate and personal friend, causing Mr. Ferman to "b[ear] a grudge against [p]laintiff, which he brought to the Time Warner workplace." See id. The complaint further alleges that the brother of one of the other Comcast employees about whom plaintiff had complained was a supervisor at Time Warner. See id. ¶ 16. In addition, the complaint notes that Time Warner became aware of plaintiff's previous sexual harassment complaint at Comcast and that Time Warner argued, in responding to plaintiff's administrative charge filed with the United States Equal Employment Opportunity Commission,

---

[1] Plaintiff's request for permission to file a four-page letter-motion was granted during a telephone conference held on January 23, 2017. See Minute Entry and Order dated January 23, 2017 (Jan. 23, 2017) ("1/23/17 Minute Entry") at 1, DE #29. Plaintiff's request to file a reply was denied. See Memorandum and Order (Jan. 27, 2017), DE #33; Letter Motion for Leave to File Reply (Jan. 26, 2017) ("1/26/17 Pl. Letter"), DE #31.

that plaintiff had engaged in a pattern of making "bogus" claims of sexual harassment.  See id.

¶ 33.

Against this backdrop, Time Warner now seeks to subpoena documents from Comcast,

plaintiff's former employer.  The original subpoena contained in the notice served on plaintiff

sought plaintiff's "personnel or employment file, and any other documents pertaining to any

alleged discrimination, harassment, or other workplace misconduct by her or directed against

her."  See Exhibit A to Motion for Temporary Injunction, DE #25-1.  During a telephone

conference with the Court on January 23, 2017, Time Warner agreed to limit the scope of the

subpoena to "only documents relating to any alleged discrimination, harassment or other

workplace misconduct by or against plaintiff."  1/23/17 Minute Entry at 2.  Nevertheless,

plaintiff contends that service of even a narrowed subpoena on a former employer will harm

plaintiff's job prospects.  See Motion to Quash.

### DISCUSSION

Plaintiff's application for a "temporary injunction" does not concern the merits of the suit

and is essentially a request for a protective order.[2]  Rule 26(c)(1) of the Federal Rules of Civil

Procedure provides, in pertinent part, that "[a] party . . . may move for a protective order" upon

a showing of good cause "to protect a party or person from annoyance, embarrassment,

_____

[2] See Muhammad v. Director of Corrections, No. CIV S-07-0375 (GEB)(GGH), 2010 WL
56146, at *2-*3 (E.D. Cal. Jan. 5, 2010) (construing motion for injunctive relief as request for
protective order because "[a] proper motion for injunctive relief must relate to the allegations
of the complaint and seek an outcome that may ultimately be available in the action"); see also
De Beers Consol. Mines, Ltd. v. United States, 325 U.S. 212, 219-20 (1945) (reversing grant
of preliminary injunction that was not "of the same character as that which may be granted
finally").

oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The party seeking a protective order bears the burden of establishing the existence of good cause for the order. See Gambale v. Deutsche Bank AG, 377 F.3d 133, 142 (2d Cir. 2004); Orillaneda v. French Culinary Institute, No. 07 CIV. 3206 (RJH)(HBP), 2011 WL 4375365, at *4 (S.D.N.Y. Sept. 19, 2011). "Ordinarily, good cause exists 'when a party shows that disclosure will result in a clearly defined, specific and serious injury.'" In re Terrorist Attacks on Sept. 11, 2001, 454 F.Supp.2d 220, 222 (S.D.N.Y. 2006) (quoting Shingara v. Skiles, 420 F.3d 301, 306 (3d Cir. 2005)). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." Schiller v. City of New York, 04 CIV. 7921 (KMK)(JCF), 2007 WL 136149, at *5 (S.D.N.Y. Jan. 19, 2007) (citation and internal quotation marks omitted). "[T]he moving party must establish 'particular and specific facts' rather than conclusory assertions, that justify the imposition of a protective order." Cooks v. Town of Southampton, No. 13-3460 (LDW)(AKT), 2015 WL 1476672, at *5 (E.D.N.Y. Mar. 31, 2015) (quoting Rofail v. United States, 227 F.R.D. 53, 54-55 (E.D.N.Y. 2005)). Importantly, "the appropriateness of protective relief from discovery depends upon a balancing of the litigation needs of the discovering party and any countervailing protectible interests of the party from whom discovery is sought." Mitchell v. Fishbein, 227 F.R.D. 239, 245 (S.D.N.Y. 2005) (citation and internal quotation marks omitted).

On a motion to enforce or quash a subpoena, the issuing party "bears the initial burden of demonstrating that the information sought is relevant and material to the allegations and claims at issue in the proceedings." Malibu Media, LLC v. Doe, 14-CV-4808 (JS)(SIL), 2016 WL 4574677, at *2 (E.D.N.Y. Sept. 1, 2016) (citation and internal quotation marks omitted).

"Once relevance is established, the party seeking to quash a subpoena bears the burden of demonstrating that the subpoena is over-broad, duplicative, or unduly burdensome." <u>Vale v. Great Neck Water Pollution Control Dist.</u>, 14-CV-4229 (ADS)(AYS), 2016 WL 1072639, at *3 (E.D.N.Y. Jan. 8, 2016) (citations and internal quotation marks omitted); <u>accord</u> <u>Malibu Media</u>, 2016 WL 4574677, at *2.

As discussed hereinafter, <u>see</u> <i>infra</i> pp. 6-7, defendants have sustained their initial burden of demonstrating the relevance of the subpoenaed materials. The prejudice that plaintiff presumes will flow from the service of the subpoena on Comcast is insufficient to overcome that showing.

Plaintiff's contention that the mere service of the challenged subpoena would cause her harm is conclusory and speculative. Plaintiff asserts, without more, that "she has continued to seek sales positions, including in the cable television industry." <u>See</u> Exhibit B to Motion for a Temporary Injunction at 2, DE #25-2. However, plaintiff does not claim that she intends to apply for a job at Comcast in the foreseeable future, nor has she offered any specific facts to support her assumption that service of the subject subpoena would harm her job prospects. <u>See</u> <u>Mirkin v. Winston Resources, LLC</u>, No. 07 CIV. 2734 (JGK)(DF), 2008 WL 4861840, at *1 (S.D.N.Y. Nov. 10, 2008) (denying motion to quash subpoena for testimony of plaintiff's supervisor at a subsequent employer, for whom she no longer worked, and, in the absence of any claim that the former supervisor was assisting in the plaintiff's job search, distinguishing cases finding undue burden on a plaintiff's job prospects).

The cases relied on by plaintiff for the proposition that service of a subpoena on a former employer would harm a plaintiff's job prospects are factually distinguishable. For example, in

Guercia v. Equinox Holdings, Inc., No. 11 CIV. 6775, 2013 WL 2156496, at *3, *4 (S.D.N.Y. May 20, 2013), the plaintiff argued that subpoenas served on four of her former employers –- seeking "basic employment information"-- would become widely known in "the closeknit New York City construction industry." Here, plaintiff does not purport to be limiting her job search to the cable television industry nor has she claimed that a subpoena served on Comcast would become widely known in that industry. In any event, in Guercia, the court found that the plaintiff's work experience was of marginal value to the defendant's case. See id. at *6. Similarly, in Walker v. H&M Henner & Mauritz, L.P., No. 16 Civ. 3818 (JLC), 2016 WL 4742334 (S.D.N.Y. Sept. 12, 2016), where the defendant sought to serve subpoenas on the plaintiff's "former and current employers as well as three colleges and universities that she allegedly attended," the court held that the plaintiff's prior work history "has nothing to do with" whether defendant's actions were racially discriminatory. See id. at *1-*2. And in Henry v. Morgan's Hotel Grp., Inc., No. 15-CV-1789 (ER)(JLC), 2016 WL 303114 (S.D.N.Y. Jan. 25, 2016), where three challenged subpoenas on former employers were blanket requests for "personnel files, disciplinary files, and any other employment documents or records," the court found the scope of the subpoenas to be "plainly overbroad," see id. at *2, aimed at uncovering information based on "wholesale speculation," see id. at *3.

In contrast, in the instant case, defendants have sustained their burden of showing that the information sought via subpoena is relevant to the claims and defenses in this case. As a preliminary matter, unlike the cases cited by plaintiff, defendants are not seeking to conduct a fishing expedition in the hopes of uncovering some potentially damaging information against their former employee, such as a prior charge of discrimination: here, it is undisputed that

plaintiff was at the center of a discrimination charge against her previous employer, the subpoenaed entity.  In fact, plaintiff's own pleading affirmatively introduced into this lawsuit plaintiff's complaints of harassment while employed at Comcast.  See Compl. ¶¶ 14, 16, 33.  Plaintiff resurrects those allegations in order to cast doubt on the motives of two Time Warner co-workers (and likely defense witnesses): one who previously worked with plaintiff at Comcast and who allegedly "bore a grudge" against her for having complained of a hostile work environment there, see id. ¶ 14; and another who is the brother of a harasser against whom she lodged a complaint at Comcast, see id. ¶ 16.  Plaintiff should not now be heard to challenge defendants' efforts to obtain discovery concerning the very allegations referenced in her complaint.[3]

In any event, defendants have proffered information obtained from its employees, who were co-workers of plaintiff when she worked at Comcast, that plaintiff's prior claims of harassment were "very similar to those at issue in this case . . . ."  Def. Opp. at 1.  While plaintiff disputes defendants' version of what occurred at Time Warner, see 1/26/17 Pl. Letter at 2, she does not deny that her complaints of mistreatment by Comcast and its employees were similar to the claims of harassment lodged in this case.  The Court thus has been "present[ed] [with] independent evidence that provides a reasonable basis for it to believe that [plaintiff] has filed complaints, grievances, lawsuits, or charges relating to her employment with" Comcast, thereby overcoming plaintiff's professed concern that the subpoena is simply a "tool for

---

[3]  Plaintiff vainly attempts to downplay the significance of these portions of her own pleading, arguing that, in responding to plaintiff's EEOC complaint, it was "[d]efendants, [n]ot [p]laintiff, [who] [r]aised the [i]ssue of [p]laintiff's [e]arlier [e]mployment at Comcast." Motion to Quash at 1.  But it was plaintiff who first injected the issue into this lawsuit and affirmatively crafted a litigation strategy that relies on the events that transpired at Comcast.

harassment" that will impede her job search. See E.E.O.C. v. Princeton Healthcare Sys., No. CIV.A. 10-4126 (PGS), 2012 WL 1623870, at *22, *24 (D.N.J. May 9, 2012) (quoting Graham v. Casey's Gen. Stores, 206 F.R.D. 251, 256 (S.D. Ind. 2002)).

Where, as here, a plaintiff has lodged similar complaints of discrimination with a previous employer, courts have held that information concerning those complaints is relevant to her pending claims of employment discrimination. See Muktadir v. Bevacco Inc., 631 F.App'x 1, 3 (2d Cir. 2015)[4]; Ireh v. Nassau Univ. Med. Ctr., No. CV 06-09 (LDW)(AKT), 2008 WL 4283344, at *6 (E.D.N.Y. Sept. 18, 2007) (denying plaintiff's motion to quash portion of subpoena on plaintiff's former employer regarding complaints by plaintiff of discrimination because "any complaints of race or national origin discrimination made by [p]laintiff against [that former employer] would be relevant to this action").

Unlike the cases cited by plaintiff, defendants' subpoena (as narrowed) seeks relevant information which they have a reasonable basis to expect exists. Therefore, defendants' need for the information sought outweighs the speculative risk of harm raised by plaintiff. See Roth v. County of Nassau, No. 15-CV-6358 (LDW)(AYS), 2017 WL 75753, at *6 (E.D.N.Y. Jan. 6, 2017) (where plaintiff alleged that his current employment with the NYPD supported his claim that the Nassau County Police Department committed disability discrimination in disqualifying him from employment for medical reasons, court rejected plaintiff's argument that service of subpoena on the NYPD for his employment application would create an undue burden: "a

---

[4] Plaintiff attempts to distinguish Muktadir on the ground that the Second Circuit's decision pertained to admissibility rather than discovery. See Motion to Quash at 4. However, it necessarily follows that evidence found to be relevant for admissibility purposes is discoverable.

greater burden exists on the Defendant if it does not obtain such documents").

Finally, in their letter of January 26, 2017, defendants state that they intend to request an award of sanctions for the costs of opposing plaintiff's motion. See 1/26/17 Def. Response at 5. Any such request will be summarily denied; particularly given the broad scope of the original subpoena -- which defendants agreed to narrow only once the Court became involved in the dispute -- this Court finds that plaintiff was "substantially justified" in filing the motion to quash. See Fed. R. Civ. P. 26(c)(3), 37(a)(5)(B).

## CONCLUSION

For the foregoing reasons, plaintiff's requests for a "temporary injunction" and to quash the subject subpoena are denied.

**SO ORDERED.**

**Dated:    Brooklyn, New York**
**         January 27, 2017**

/s/    *Roanne L. Mann*

**ROANNE L. MANN**
**CHIEF UNITED STATES MAGISTRATE JUDGE**